

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00271-CV

_____

IN THE INTEREST OF K.J. AND K.J., CHILDREN

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-707263-21

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

O.J., proceeding pro se, attempts to appeal the family-violence protective order that the trial court rendered against him. *See* Tex. Fam. Code. Ann. §§ 81.001, 85.001. After we reviewed the trial court's docket sheet, it was apparent that the underlying suit started with an original petition in a suit affecting the parent–child relationship and that an application for a protective order was filed in the same underlying suit.

On July 14, 2022, we informed O.J. that we were concerned that we might not have jurisdiction over this appeal because—after being informed by the trial court clerk that the trial judge had not signed an order in the underlying case—it appeared there is no final judgment or order subject to appeal and that O.J.'s notice of appeal is premature. *See* Tex. R. App. P. 26.1(a), 27.1(a). We gave the parties twenty days to correct the defect and furnish this court with a signed copy of the order that O.J. seeks to appeal. In response, O.J. provided copies of the trial court's "Temporary Ex Parte Protective Order and Order Setting Hearing," signed May 24, 2022, and its "Final Protective Order," signed June 7, 2022.

On August 22, 2022, we sent a second letter to O.J. informing him that the "Temporary Ex Parte Protective Order and Order Setting Hearing" and the "Final Protective Order" do not appear to be appealable at this time. *See* Tex. Fam. Code Ann. §§ 81.009(c) ("A protective order rendered against a party in a suit affecting the parent–child relationship may not be appealed until the time an order providing for support of the child or possession of or access to the child becomes a final, appealable

order."), 109.002 (discussing appellate review). We stated that unless O.J. filed a response showing grounds for continuing the appeal, this appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

We have received no response and have confirmed that the petition in the underlying suit affecting the parent–child relationship remains pending. Because there is no final judgment or appealable interlocutory order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: December 22, 2022